**Zu Jin ZHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 03–40807–AG.**

United States Court of Appeals, Second Circuit.

Jan. 19, 2006.

Fengling Liu, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson, Zachary A. Cunha, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. ROBERT D. SACK, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zu Jin Zheng, through counsel, petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004).

This Court's review of an IJ's adverse credibility finding, based largely on an applicant's demeanor, is highly deferential. *Majidi v. Gonzales*, 430 F.3d 77, 79–80, 81 n. 1 (2d Cir.2005); *Zhou Yun Zhang*, 386 F.3d at 73–74. Zheng's hesitance, confusion, and inability to answer questions un-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

less phrased or ordered in a particular way led the IJ to conclude that he was testifying from a script rather than from actual experience. Because the IJ alone was in a position to observe Zheng's demeanor, which is crucial to the IJ's decision, and because there were other significant disparities in Zheng's testimony, we defer to the findings of the IJ. *See Jin Hui Gao,* 400 F.3d at 963–64; *Zhou Yun Zhang,* 386 F.3d at 73–74

The IJ found that Zheng's failure to include in his written statement that he had gone into hiding in November 1996 "went directly to the heart of his asylum claim," and also faulted him for his inability to keep straight the dates for when he went into hiding, when his wife surrendered to the family planning authorities, and when she experienced the abortion. The omission of the detail about Zheng going into hiding in all three written statements he submitted was a legitimate reason to discredit his testimony, when it created a critical narrative gap. Moreover, his claim that his wife surrendered to the authorities in December 1996, and had the abortion in November 1996, is chronologically impossible. Because Zheng's written statement does not provide a date for the abortion, and he was unaware of any inconsistency in his statements until the IJ specifically confronted him, the IJ reasonably concluded that he was testifying from a script, and therefore unable to provide the missing details. Such a conclusion supports an adverse credibility finding, *see Jin Hui Gao,* 400 F.3d at 963–64, as does Zheng's general inability to "provide a coherent chronological account of [his] personal history." *Jin Yu Lin v. United States Dep't of Justice,* 413 F.3d 188, 190 (2d Cir.2005).

Because this part of the testimony bears a legitimate nexus to Zheng's claim of persecution, his lack of credibility with respect to these events provides sufficient support for the adverse credibility finding under the substantial evidence standard. *See Majidi,* 430 F.3d at 81–82. Therefore, the IJ's finding will not be disturbed.

Zheng did not address the IJ's denial of CAT relief in his brief before this Court and therefore this claim is deemed waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).